d

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| KENNY BONDS #292089,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00293<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| W S SANDY MCCAIN ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants James Longino ("Longino") and Steven Bordelon ("Bordelon"). ECF No. 11. Because Defendants have Eleventh Amendment immunity in their official capacities against Bonds'ss claim for monetary damages, Defendants' Motion to Dismiss (ECF No. 11) should be GRANTED IN PART as to that claim only. Because Defendants do not have Eleventh Amendment immunity from Bonds's claims against them in their official and personal capacities for injunctive relief, or in their personal capacities for monetary damages, Defendants' Motion to Dismiss (ECF No. 11) should be DENIED IN PART as to those claims.

I. **Background**

*Pro se* plaintiff Kenny W. Bonds, Jr. ("Bonds") filed a civil rights complaint, *in forma pauperis,* pursuant to 42 U.S.C. § 1983. Bonds alleges that, since being incarcerated in the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, he has been exposed to environmental tobacco smoke from other inmates

1

drying and smoking the dip tobacco that is sold in the prison commissary. Bonds is currently incarcerated at Raymond Laborde Correctional Center ("RLCC"). Bonds seeks monetary damages and injunctive relief. ECF No. 1 at 4.

Defendant W.S. Sandy McCain was dismissed on notice of death, and Warden Myers was substituted by operation of law. *See* Fed. R. Civ. P. 25(d). ECF Nos. 12, 15. Longino (an assistant warden employed at RLCC) and Bordelon (a lieutenant colonel employed at RLCC) filed a Motion to Dismiss, arguing they have Eleventh Amendment immunity. ECF Nos. 11, 18. Bonds does not agree. ECF No. 17.

## II.  Law and Analysis

Longino and Bordelon filed a Motion to Dismiss alleging the defense of sovereign immunity pursuant to the Eleventh Amendment. ECF No. 11.

Bonds did not specify in his Complaint whether he is suing Longino and Bordelon in their official or personal capacities. Therefore, the Court will assume they are sued in both capacities.

### A.  Bonds's claim for monetary damages against Longino and Bordelon in their official capacities (only) should be dismissed.

Longino is an assistant warden at RLCC, while Bordelon is a lieutenant colonel. Therefore, they are presumably supervisory officials who can be sued in their official capacities.[1]

The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. *See Neuwirth v. Louisiana State Board of*

---

[1] If they are not supervisory officials, then they cannot be sued in their "official" capacities and the claim and defense are moot.

2

*Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988); *see also Walker v. Livingston*, 381 Fed. Appx. 477, 479 (5th Cir. 2010) (*citing Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). Under La. R.S. 13:5106, the state of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court.

The Raymond Laborde Correctional Center is a state prison operated by the Louisiana Department of Public Safety and Corrections. The Louisiana Department of Public Safety and Corrections is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity. *See Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985); *see also Courville v. Corrections Corp. of America*, 2015 WL 3651299 (W.D. La. 2015); *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989); *Rowe v. Summers*, 1998 WL 71645, *2 (E.D. La. 1998); *Hultberg v. State*, 1998 WL 30288, *4 (E.D. La. 1998); *Brown v. Bonvillain*, 1997 WL 162155, *3 (E.D. La. 1997).

A suit against a state official in his or her official capacity is not a suit against the official, but rather, is a suit against the official's office. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (U.S. 1989) (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. *See Will*, 491 U.S. at 71. Defendants are employed by the Louisiana Department of Public Safety and Corrections. Therefore, a suit against Defendants in their official capacities is a suit against the State of Louisiana.

Thus, § 1983 does not provide a federal forum for a litigant seeking monetary recovery against a state official acting in an official capacity, because a state official in his official capacity is seen to be acting on behalf of the State and is not seen to be

a "person" within the meaning of § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The principle of Eleventh Amendment immunity also applies to state-law claims brought in federal court under pendent jurisdiction. *See Hayes v. Department of Public Safety & Corrections*, 2017 WL 4295142, at *2 (W.D. La. 2017) (citing *Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 121 (1984)); *Pham v. University of Louisiana at Monroe*, 2016 WL 3172882, at *5 (W.D. La. 2016), *aff'd,* 194 F. Supp. 3d 534 (W.D. La. 2016), *aff'd,* 712 Fed. Appx. 360 (5th Cir. 2017), *cert. den.*, 138 S. Ct. 1548 (U.S. 2018) (citing *Wilson v. UT Health Center*, 973 F.2d 1263, 1271 (5th Cir. 1992), *cert. den.*, 507 U.S. 1004 (1993)).

However, a claim for prospective injunctive or declaratory relief asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment, because such a claim is not treated as a claim against the State. *See Will*, 491 U.S. 58, 71 n. 10 (1989).

Because Defendants have Eleventh Amendment immunity in their official capacities against Bonds's claim for monetary damages, Defendants' Motion to Dismiss (ECF No. 11) should be granted in part as to that claim only.

Because Defendants do not have Eleventh Amendment immunity from Bonds's claims against them in their official capacities for injunctive relief, Defendants' Motion to Dismiss (ECF No. 11) should be denied in part as to that claim.

### B. <u>Bonds's claims against Longino and Bordelon in their personal capacities should be denied.</u>

Defendants are not entitled to Eleventh Amendment immunity from monetary damages or injunctive relief in their personal capacities.

4

The Eleventh Amendment does not grant immunity when a § 1983 claim is asserted against a state official sued in his or her personal capacity. *See Walker*, 381 Fed. Appx. at 479 (citing *Hafer v. Melo,* 502 U.S. 21, 30-31 (1991)). Personal-capacity defendant-officials, unlike those sued in their official capacities, may assert common law personal immunity defenses such as qualified immunity. *See id.*

Because Defendants do not have Eleventh Amendment immunity from suits against them in the personal capacities, their Motion to Dismiss (ECF No. 11) Bonds's claims against them in their personal capacities for monetary damages and injunctive relief should be denied.

III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 11) be GRANTED IN PART as to Bonds's claim for monetary damages against Longino and Bordelon in their official capacities, and that should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants' Motion to Dismiss (ECF N0. 11) be DENIED IN PART as to Bonds's claims against Longino and Bordelon: (1) in their official capacities for injunctive relief; and (2) in their personal capacities for monetary damages and injunctive relief.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 8, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE