a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNY BONDS #292089,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00293<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| W S SANDY MCCAIN ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a is a Motion for Temporary Restraining Order ("TRO") or Preliminary Injunction (ECF No. 17) filed by *pro se* Plaintiff Kenny Bonds, Jr. ("Bonds"). Bonds is one of several inmates incarcerated at the Raymond Laborde Correctional Center ("RLCC") who have filed complaints under 42 U.S.C. § 1983 seeking damages and injunctive relief related to exposure to second-hand smoke.

Because Bonds is not entitled to a TRO or preliminary injunction at this time, his Motion (ECF No. 17) should be DENIED.

I. Background

Bonds alleges that, despite the prohibition against smoking tobacco products in Louisiana penal institutions, inmates continue to smoke at RLCC. Specifically, Bonds alleges that 75% of the inmate population at RLCC dries and smokes "Kayak dip," which is sold at the facility. ECF No. 1 at 7. Bonds alleges that he is constantly coughing, sneezing, and having migraine headaches, which cause nausea. ECF No.

1

1 at 5.  Bonds has been prescribed two inhalers to treat these symptoms, which he did not need before his incarceration at RLCC.  ECF No. 1 at 5.

Bonds seeks a TRO or preliminary injunction ordering Defendants to prohibit all smoking in the prison.  ECF NO. 17.

II. <u>Law and Analysis</u>

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).  The purpose of a temporary restraining order is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo").

Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." The Rule requires that the adverse party has the opportunity to be heard and to present evidence. *See Granny Goose Foods, Inc.*, 415 U.S. at 434 n. 7 ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the [opposing party] is given a fair opportunity to oppose the application and to prepare for such opposition."); *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (explaining that Rule 65(a) mandates that where factual disputes are presented, "the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted").

To obtain a preliminary injunction or TRO, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). Like a TRO, a preliminary injunction is an extraordinary remedy that "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citation omitted); *see also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

First, Bonds has not submitted an affidavit or a verified complaint as required by Rule 65. Therefore, a TRO may not be granted. Next, although he is allegedly experiencing coughing, sneezing, and migraines with nausea, Bonds has not alleged that immediate and irreparable injury, loss, or damage will occur before the adverse party can be heard in opposition.

A Motion to Dismiss (ECF No. 11)—filed prior to Bonds's motion for TRO and preliminary injunction—is pending before the Court. ECF No. 11. If the Motion to Dismiss is denied, Defendants will be allowed to file an answer to the Complaint and address the request for injunctive relief contained therein. *See* Fed. R. Civ. P. 12. [1]

## III. Conclusion

Because Bonds cannot show that he is entitled to emergency injunctive relief at this time, IT IS RECOMMENDED that his Motion for TRO or Preliminary Injunction (ECF No. 17) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

---

[1] The Court is also monitoring motions and requests in similar cases and considering the implication of those on Bonds's case.

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 17, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE